# Weg and Myers, P.C.
## ATTORNEYS AT LAW
FEDERAL PLAZA
52 DUANE STREET, NEW YORK NEW YORK, 10007
(212) 227-4210
FAX (212) 349-6702
WWW.WEGANDMYERS.COM

| CONNECTICUT AFFILIATE | NEW JERSEY AFFILIATE |
|---|---|
| LAW OFFICE OF | LAW OFFICE OF |
| BRIAN D. ROSENFELD | MASELLI-WARREN, P.C. |
| 16 RIVER STREET | 600 ALEXANDER ROAD |
| NORWALK, CT 06850 | PRINCETON, NJ 0854 |
| (203) 853-3888 | (609) 452-8411 |

April 30, 2020

> Plaintiff shall, by May 12, 2020, file on the docket the privilege log entries that are corresponding to the ten challenged documents. The entries shall be listed as 1-10 as they are listed here. Plaintiff shall also, by May 12, 2020, email to Chambers and opposing counsel the first twenty pages of the amended privilege log in its native format (e.g., excel).
> SO ORDERED.
> Dated: May 11, 2020
> New York, New York
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**VIA ECF**
Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

Re:   *Harbor House Owners Corp. v. Admiral Indemnity Company*
      Case No.               19-cv-819 (LGS)
      Defendant's File No.   179-20461
      Plaintiff's File No.   17-102

Dear Hon. Judge Schofield:

      This firm represents Plaintiff Harbor House Owners Corp. in the above-referenced matter. We write to the Court pursuant to Your Honor's Case Management Order dated March 23, 2020 and Defendant's letter filed April 27, 2020.

      The bulk of Defendant's letter seeks to rehash and relitigate issues already decided by the Court. Despite Defendant's contention that its March 2, 2020 letter initiated the pre-motion conference that led to the instant revised privilege log, in fact it was Plaintiff's February 28, 2020 letter regarding Defendant's failure and refusal to hold depositions that initiated the conference. Defendant still asserts that Plaintiff's original privilege log was late, but it has already been explained to the Court that Plaintiff had to go through over 250,000 pages of documents in order to create the original privilege log. All of this was discussed at the last conference, and the outcome was the March 23, 2020 Order that laid out the instant procedure for the privilege log review.

Since that conference, this office has undertaken to review the 7679 documents identified in the original privilege log, and has reduced the amount of privileged documents to 3,998, producing 3,642 new documents which were previously withheld as privileged, the remainder have not been produced as they were, upon further review, deemed to be nonresponsive to Defendant's demands.[1]

Defendant takes issue that the revised privilege log contains the same "Subject" column as the original privilege log, but fails to mention that this is simply provided *in addition* to the new "Description" column. Plaintiff could have deleted the entire "Subject" column, but decided to leave that additional information in. Further, Defendant's objections to the descriptions as being boiler plate is without merit. Under FRCP 26(b)(5)(A)(ii), enough information must be given that will enable other parties to assess the claim. That requirement, assuming it was not met by the original privilege log, has certainly been met by the revised privilege log.

Additionally, Counsel seems to have a misunderstanding regarding the privilege that attaches to a communication between an attorney and a client. When that privileged email is then further discussed by and between clients, privilege has not been broken and the entire chain remains privileged.

## Specific Challenged Documents

1. Line Item 11
   HH205011-205014
   This document was withheld based on the Attorney-Client Privilege.
   This is an email between clients, the client's management company (an agent of the client), the public adjuster (an agent of the client), and attorneys asking for advice as to how coverage would apply and therefore what would be included as part of the claim.

2. Line Item 150
   HH206489-206491
   This document was withheld based on the Attorney-Client Privilege and Work Product doctrine.
   Richard Baker of VVA (an agent of the client) is asking the board for authorization for part of the environmental remediation project. In asking for such authorization, VVA is copying Dennis T. D'Antonio and William H. Parash, two partners at Weg & Myers, P.C., asking for their authorization and input.

3. Line Item 164
   HH206523-206524
   This document was withheld based on the Attorney-Client Privilege.
   This is an internal email chain between the board and its shareholders discussing legal advice received from this office and is therefore covered by the attorney-client privilege. Specifically, while counsel is not copied on this email, this email discusses Dennis D'Antonio's interpretation of the policy at issue in this litigation.

4. Line Item 764
   HH213312-213314

---

[1] Plaintiffs are able to produce such nonresponsive documents if the Court deems it necessary.

This document was withheld based on the Attorney-Client Privilege.
This is an email chain that begins with a request for legal advice from the board to this office, and no subsequent email breaks privilege, but instead gathers information discussed in the privileged email.

5. Line Item 1001
   HH215162-215163
   This document was withheld based on the Attorney-Client Privilege.
   This is an email chain by and between the board and a shareholder that discusses a meeting with this office, another attorney representing Plaintiff on real estate matters.

6. Line Item 1008
   HH215257-215260
   This document was withheld based on the Attorney-Client Privilege.
   This is an email chain including Marijana Predovan, Esq. of Montgomery McCracken Walker & Rhoads LLP, a law firm retained by Plaintiff for fire-related legal work regarding contracts and payments, discussing fire-related contracts and payments.

7. Line Item 1054
   HH215456
   This document was withheld based on the Attorney-Client Privilege.
   After the partial denial of claim received by Plaintiff in January of 2018, all dealings with Defendant or Defendant's agents had to pass through counsel. In this email asking to pass on the adjuster's contact info, William H. Parash of this office is copied to either approve or disapprove sharing that information.

8. Line Item 1370
   HH217000-217003
   This document was withheld based on the Attorney-Client Privilege.
   This is a chain of emails between the Plaintiff and an attorney retained by Plaintiff discussing the signing of certain documents for that attorney.

9. Line Item 2668
   HH231434-231436
   This document was withheld based on the Work Product doctrine.
   This is a post-litigation communication between the builder (an agent of Plaintiff), the Plaintiff, and two law firms retained by the Plaintiff, including this office, discussing the DOB requirements for certain work.

10. Line Item 3411
    HH241183-241222
    This document was withheld based on the Attorney-Client Privilege and Work Product doctrine.
    Importantly, documents HH241187-241222 have been produced. Documents HH241183-241186 are between the client and the public adjuster asking for a description of a conversation held with this office. Also importantly, the earlier email in the chain which would not be privileged on its own has been produced as HH011824.

In sum, the documents identified by Defendant in its April 27, 2020 letter were properly withheld and identified on Plaintiff's revised privilege log.

                                                  Respectfully submitted

                                                  **WEG AND MYERS, P.C.**

                              By:    /s/Adam S. Cohen
                                          Adam S. Cohen, Esq. (AC8338)

cc:    *Via ECF*:

Adam Alster, Esq.
**FINNAZO COSSOLINI O'LEARY
  MEOLA & HAGER LLP**
67 East Park Place, Suite 901
Morristown, New Jersey 07960