```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HARBOR HOUSE OWNERS CORP.,                                  :
                                Plaintiff,                  :
                                                            :     19 Civ. 819 (LGS)
                -against-                                   :
                                                            :           ORDER
ADMIRAL INDEMNITY COMPANY,                                  :
                                Defendant.                  :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS on May 15, 2020, after a telephonic discovery conference to discuss Plaintiff's assertions of privilege and its privilege log, the Court issued an Order with detailed instructions on steps Plaintiff must take to address deficiencies in its privilege log.  ECF 65;

WHEREAS, on June 10, 2020, after receiving a second amended privilege log from Plaintiff, Defendant filed a letter alleging further deficiencies in the log, and identifying ten documents for the Court to review *in camera*.  ECF 69.  On June 17, 2020, Plaintiff sent to the Court the ten documents to review *in camera*, and filed a letter describing the privilege decisions along with an accompanying document that identifies the rows in the second amended privilege log that correspond to the ten documents.  *See* ECF 70;

WHEREAS, Plaintiff's designation of privileged materials is still seriously deficient, as evidenced by nine of the ten requested documents.  Although the purpose of the log is to identify all documents withheld from discovery based on a claim of privilege, Plaintiff's June 17 letter states that six of the ten documents identified by Defendant were "produced in [their] entirety elsewhere," and that Plaintiff is withdrawing its claim to privilege for two of the four remaining documents.  *Id*;

WHEREAS, of the two remaining allegedly privileged documents, Document Three is not privileged due to waiver.  In Document Three, the allegedly privileged emails were

disclosed to Stuart Kline at ICA Risk Management Consultants with a question that essentially summarized the allegedly privileged and confidential advice. The production of the unredacted email to Mr. Kline rendered that advice no longer confidential and no longer privileged. Therefore, the privilege was waived as to Document Three when it was produced in redacted form.

WHEREAS, Federal Rule of Civil Procedure 26(b)(5)(A)(ii) states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Moreover, the May 15 Order directed Plaintiff to prepare a second amended privilege log "that addresses the deficiencies raised at the May 15, conference." ECF 66. It is hereby

**ORDERED** that Plaintiff shall, by **July 24, 2020**, provide Defendant a third amended privilege log. The second amended privilege log does not comply with Rule 26 or the May 15 Order. Even on Plaintiff's third effort to prepare a privilege log, there still appears to remain significant deficiencies. The log appears to include significant material that has already been produced and further material that, upon reflection, Plaintiff is willing to produce. Based on the sampling of ten documents, the log also appears to include documents that are not privileged.

If a document contains emails that have been otherwise produced as well as privileged material, the privileged material shall be redacted and logged and the remainder of the document produced. The third amended privilege log shall not include any documents or parts of documents that have already been produced. The log shall list only documents and parts of documents that are redacted or withheld.

The log shall include a column to indicate whether a document is redacted or withheld.  Any document that contains one or more emails that are withheld must log (describe) each such email separately.

Plaintiff shall, by **July 24, 2020**, provide Defendant a third amended privilege log that addresses the deficiencies discussed herein.  Defendant may, by **July 31, 2020**, file a letter with the Court that identifies ten documents for the Court to review *in camera*.  Plaintiff shall, no later than **August 7, 2020**, email to Chambers the ten documents for the Court to review *in camera* and file a letter on ECF that explains the basis for the privilege of these materials.  Plaintiff shall also file a copy of the entries in the third amended privilege log for those documents.

If there continues to be serious non-compliance regarding redactions or with withheld documents or the privilege log, all logged documents may be ordered produced.

Dated: July 2, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE