# FINAZZO COSSOLINI O'LEARY
# MEOLA & HAGER, LLC

Counselors at Law

**Christopher S. Finazzo, Esq.**
Christopher.Finazzo@finazzolaw.com
Direct Dial: (973) 343-4961

67 East Park Place, Suite 901
Morristown, NJ 07960
Main (973) 343-4960
Fax (973) 343-4970
www.finazzolaw.com

New York Office
5 Penn Plaza, 23rd Fl.
New York, NY 10001
Main (646) 378-2033
Fax (646) 378-2001

July 14, 2020

**Via ECF**
Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   Harbor House Owners Corp. v. Admiral Indemnity Co.
>       Civil Action No. 1:19-cv-819-LGS

Dear Judge Schofield:

This law firm represents Defendant Admiral Indemnity Company ("Defendant" or "Admiral") in the above referenced matter. We write to the Court pursuant to Your Honor's Individual Rules and Procedures for Civil Cases Section III.C.3 and Local Rule 37.2 to request a pre-motion conference to discuss issues regarding: (1) Franchise Interior Developers, LLC's ("Franchise") failure to provide documents in response to a properly served *Subpoena duces tecum* that was returnable yesterday, and (2) Plaintiff's failure to confirm that it will produce Frank Lombardi, one of the principals of Franchise, for his deposition on July 24, despite Plaintiff's counsel's agreement to accept service of the deposition subpoena on his behalf, after Defendant's process server tried to serve Mr. Lombardi at this place of business and Mr. Lombardi's employees refused to allow him to leave the subpoena with them.

### Who is Frank Lombardi and Franchise Interior Developers, LLC

Frank Lombardi is a principal and member of Franchise, which is the general contractor to Plaintiff for the repair and renovation of Plaintiff's building, the construction project that is at the center of this case. Mr. Lombardi is also the person who prepared the $3.5 million "130 Jane Street – Cost Analysis", which Plaintiff included in its claim and passed-off to Defendant as costs it had incurred in making repairs. The deposition testimony of Bruce Ebnother, who executed the Sworn Statement in Proof of Loss that included the "Cost Analysis" in Plaintiff's insurance claim, and that of another Board Member, is the basis for Defendant's June 23, 2020 Application for a Pre-Motion Conference seeking permission to file a motion to amend its

The Honorable Lorna G. Schofield, U.S.D.J.
July 14, 2020
Page **2** of **3**

Answer to assert a fraudulent exaggeration of claim defense and a counterclaim for recoupment of the payments previously made by Defendant to Plaintiff on account on the claim. (Dkt. 75). Your Honor denied the request for the conference without prejudice to Defendant renewing the application if the case does not settle at the Settlement Conference before Magistrate Judge Aaron on July 30. (Dkt 80). We expect Mr. Lombardi will play a central role at the trial of this case regardless of whether the Court allows Defendant to file an Amended Answer. Indeed, in Plaintiff's Fourth Amended Rule 26(a)(1) Disclosure served today, Plaintiff identifies Mr. Lombardi as a fact witness who, as "the general contractor on the ongoing repair of the fire-damaged building, has relevant knowledge of the project", and Plaintiff reserves the right to name Mr. Lombardi as an expert witnesses.

### The Parties' Representations of Authorization and Agreement to Accept Service for All Witnesses and Third Parties

As would be expected during this difficult Coronavirus Pandemic, with businesses' offices closed, both parties in this action have had difficulty serving subpoenas on third party witnesses for depositions and documents. In many instances, the individuals that the parties need to serve are not located at the only addresses we can obtain for them. At Plaintiff's suggestion, the parties agreed to accept service for all witnesses and entities on their side of the matter, so that the parties could complete fact and expert discovery within the current deadlines provided by the Court. In our most recent meet and confer conference on Monday, July 13, 2020, and again today, Plaintiff's counsel informed Defendant that it had attempted to contact Frank Lombardi, but could not reach him.

It is our understanding, based upon the recent deposition of Mr. Ebnother, the Vice-President of Plaintiff's Co-Op Board, that the reconstruction of the building is not yet complete, that Mr. Lombardi and Franchise continue to work at the building, and that Plaintiff still owes Franchise money. With all due respect to Plaintiff's counsel, the claim that counsel cannot reach Mr. Lombardi and that he is not cooperating with Plaintiff is not credible. Indeed, in an email by which he delivered his "Cost Analysis" to a member of Plaintiff's Board for use by Plaintiff in filing the fraudulently exaggerated Sworn Statement in Proof of Loss, Mr. Lombardi disclosed his partisan role in the following statement,

> I have attached the revised interior analysis based upon the requested changes. Please review and let me know if this reflects what your council [sic] has requested. Don't hesitate to reach back out if additional changes are needed. I am available and want to assist in helping Jane Street shareholders receive the replacement that are entitled to.

### Franchise's Failure to Respond to Defendant's Document Subpoena

Defendant successfully effected personal service of a *Subpoena duces tecum* on Franchise. The subpoena was returnable on July 13, 2020. To date, neither Franchise, nor Plaintiff has produced the documents requested. Defendant respectfully requests leave to file a motion to enforce the Subpoena and its litigant rights.

The Honorable Lorna G. Schofield, U.S.D.J.
July 14, 2020
Page **3** of **3**

### **Plaintiff's Apparent Intent to Frustrate Defendant's Right to Depose Frank Lombardi**

Under the agreement reached by counsel, which is to be the subject of the joint status report to be filed with the Court tomorrow, the parties agreed to be bound by the ten deposition limit imposed by Rule 30, and agreed on a schedule to complete fact discovery by July 30. The agreement included Plaintiff's agreement to produce Mr. Lombardi for deposition on July 24.

Assuming Plaintiff does not intend to abide by the agreement, Defendant seeks a conference with Your Honor to address potential solutions, including leave for Defendant to enforce the document subpoena served on Franchise and conduct Mr. Lombardi's deposition outside the present discovery period once Defendant can determine Mr. Lombardi's present whereabouts and serve him personally.

We thank Your Honor for your time and consideration of Defendant's request.

Respectfully submitted,

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**
*/s/ Christopher S. Finazzo*
CHRISTOPHER S. FINAZZO, Esq. (CF4844)
*Attorneys for Defendant*
*Admiral Indemnity Company*

cc:   Via ECF:

William H. Parash, Esq.
Adam S. Cohen, Esq.

Plaintiff shall, by July 21, 2020, file a letter with the Court describing the steps it has taken to ensure Mr. Lombardi's compliance with the deposition notice.  Plaintiff shall file the deposition notice on the docket for the Court to "so order."  If Mr. Lombardi fails to attend the scheduled deposition, the Court will hold a telephonic conference and request Mr. Lombardi's appearance.  Plaintiff shall ensure that Mr. Lombardi is informed about the terms of this Order.

Defendant shall file the subpoena duces tecum on the docket for the Court to "so order."

SO ORDERED

Dated: July 16, 2020
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**