# FINAZZO COSSOLINI O'LEARY
# MEOLA & HAGER, LLC

Counselors at Law

**Christopher S. Finazzo, Esq.**
Christopher.Finazzo@finazzolaw.com
Direct Dial: (973) 343-4961

67 East Park Place, Suite 901
Morristown, NJ 07960
Main (973) 343-4960
Fax (973) 343-4970
www.finazzolaw.com

New York Office
5 Penn Plaza, 23rd Fl.
New York, NY 10001
Main (646) 378-2033
Fax (646) 378-2001

July 22, 2020

*The parties shall comply with the existing deposition schedule. Defendant may file a letter requesting to reopen the deposition of Lombardi if it determines that Franchise has failed to produce relevant documents pursuant to the subpoena.*

**Via ECF**
Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Plaintiff shall email the third amended privilege log to the Chambers Inbox by July 24, 2020.*

*SO ORDERED   Dated: July 23, 2020   New York, New York*

Re:   Harbor House Owners Corp. v. Admiral Indemnity Co.
       Civil Action No. 1:19-cv-819-LGS

*Lorna G. Schofield
United States District Judge*

Dear Judge Schofield:

This law firm represents Defendant Admiral Indemnity Company ("Defendant" or "Admiral") in the above referenced matter. We write to the Court pursuant to Your Honor's Individual Rules and Procedures for Civil Cases Section III.C.3 and Local Rule 37.2 regarding developments with Franchise Interior Developers, LLC's ("Franchise") purported response to Defendant's *Subpoena duces tecum* and how those developments complicate Defendant's ability to conduct the deposition of Frank Lombardi this Friday, July 24, and complete fact discovery.

We first addressed Franchise's failure to respond to the *Subpoena duces tecum* in our July 14, 2020 application for a pre-motion conference on that issue and Plaintiff's counsel's representations to us that it had been trying, unsuccessfully, to reach Mr. Lombardi with regard to both Defendant's *Subpoena duces tecum* to Franchise and its deposition subpoena to Mr. Lombardi. Dkt. 85.

In our July 14, 2020 letter, we explained that ever since we had first tried to serve Franchise with the *Subpoena duces tecum* by email on June 16, 2020, and after we successfully served Franchise with the *Subpoena duces tecum* by hand delivery on July 1, 2020, Plaintiff's counsel had repeatedly informed us that it was attempting to contact Frank Lombardi regarding the *Subpoena duces tecum* and his deposition, but could not reach him. On July 16, 2020, Your Honor appended an Order to our letter directing Plaintiff to, by July 21, file a letter to the Court "describing the steps it has taken to ensure Mr. Lombardi's compliance with the deposition notice." Dkt. 87. On July 17, 2020, Your Honor also "so ordered" compliance with both the

The Honorable Lorna G. Schofield, U.S.D.J.
July 22, 2020
Page **2** of **3**

*Subpoena duces tecum* and the *Subpoena* for Mr. Lombardi's deposition. Dkt. 90 & 91. To our knowledge, Plaintiff's counsel has not responded to the Court's directive that, no later than yesterday, counsel explain its actions with respect to Defendant's efforts to obtain discovery from Franchise.

    At 6:16 pm last evening, after the skeleton staff presently coming into our office had left for the day and only a little bit more than 48-day time hours before Mr. Lombardi's scheduled deposition, Plaintiff's counsel produced a great number of documents as a purported response to the *Subpoena duces tecum*. No cover letter described what was being produced and not produced in response to the *Subpoena duces tecum* and whether any responsive documents had been withheld on any claim of privilege. The production was accompanied by only a cryptic note from Plaintiff's counsel that the production was, "Frank Lombardi's file."

    Firstly, from both the description and the production, it appears that Franchise still has not responded to the *Subpoena duces tecum*. This is obvious not only from Plaintiff's description of what was being produced, Mr. Lombardi's personal file, but also from the production. Your Honor will recall from our July 14, 2020 Application for a Pre-Motion Conference, that Mr. Lombardi and Franchise are the architects of the $3.5 million "130 Jane Street-Cost Analysis" that Plaintiff used to inflate by $3.5 million the insurance claim it submitted in its September 6, 2018 Sworn Statement in Proof of Loss to Defendant. While it is true that we have only had an opportunity to take a cursory look through what was produced last evening, we have found in the production, **no documents** relating to the "130 Jane Street-Cost Analysis" despite the fact that, among other things, the *Subpoena duces tecum* specifically seeks production of: (1) all documents concerning the preparation of it; (2) all drafts and versions of it: (3) all documents reflecting the facts, data and assumptions reviewed, considered or relied upon in the preparation of it; and (4) all communications with Plaintiff and Plaintiff's public adjuster relating to it. We know from Plaintiff's own document productions that some such documents exist and should be in both Franchise's and Mr. Lombardi's files. Accordingly, there can be no question that there has been no good faith effort by Franchise, or by Mr. Lombardi, to respond to the *Subpoena duces tecum*. In addition, there are a number of other ways the production made by Plaintiff last evening is substantially deficient if it is to be considered a response to the *Subpoena duces tecum*, which it clearly is not.

    Secondly, the production provides the reason why Plaintiff's counsel has not responded to the Court's Order to explain its actions to contact and obtain Mr. Lombardi's and Franchise's cooperation and compliance with the *Subpoenas*. The production contains the email string attached as Exhibit 1. No other emails between Plaintiff's counsel and Mr. Lombardi are in the production, suggesting that, contrary to Plaintiff's counsel's representations to us, Exhibit 1 was the first and only time Plaintiff's counsel contacted Mr. Lombardi or Franchise with regard to the *Subpoenas*. Exhibit 1 reflects that even after Defendant submitted its July 14 Letter to the Court, and even after the Court entered its July 16 Order compelling Plaintiff's counsel to explain itself by July 21, Plaintiff's counsel waited until the Court had "so ordered" the *Subpoenas* on July 17, and then waited over the weekend and until noon time on July 20 to contact Mr. Lombardi, which somehow counsel was miraculously successful in doing despite its reportedly numerous, but unsuccessful attempts to contact him during the preceding five weeks.

The Honorable Lorna G. Schofield, U.S.D.J.
July 22, 2020
Page **3** of **3**

It is respectfully submitted that Franchise's, Mr. Lombardi's and Plaintiff's counsel actions to delay any response to the *Subpoenas* until the Court ordered compliance was planned to put Defendant in the precise situation it now finds itself – on the eve of Mr. Lombardi's deposition with a woefully incomplete and defective response to a *Subpoena duces tecum* that was returnable on July 14. This is intolerable and greatly prejudices Defendant's ability to take an effective deposition of Frank Lombardi and prepare for trial.

Under these circumstances, we are seeking the Court's guidance as to how we should proceed with Mr. Lombardi's deposition. Yesterday, in view of the unforeseen need to adjourn and reschedule two depositions that Plaintiff has noticed of Defendant's witnesses, Plaintiff asked the Court to extend for 30 days the fact discovery deadline. If the Court is inclined to grant that request, Defendant has two options.

Option 1 is to adjourn Mr. Lombardi's deposition and seeking an order from the Court compelling Franchise to comply with the *Subpoena duces tecum* by August 1 and, upon receipt of a complete and proper document production in response to the *Subpoena*, rescheduling Mr. Lombardi's deposition for later in August.

Option 2 is to start Mr. Lombardi's deposition on July 24, but keep it open until: (1) we have had adequate time to review and consider the documents produced by Plaintiff's counsel last evening; and (2) Franchise complies fully and properly with the *Subpoena duces tecum*.

We respectfully request that, if convenient for the Court, Your Honor schedule a telephone conference sometime today or tomorrow, or otherwise instruct us as to how the Court prefers we address the Franchise/Frank Lombardi issue.

We thank Your Honor for your time and consideration of Defendant's request.

Respectfully submitted,

**FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC**
*/s/ Christopher S. Finazzo*
CHRISTOPHER S. FINAZZO, Esq. (CF4844)
*Attorneys for Defendant
Admiral Indemnity Company*

Encl.
cc:     Via ECF:

        William H. Parash, Esq.
        Adam S. Cohen, Esq.

**EXHIBIT 1**

**Christopher Finazzo**

| | |
|---|---|
| **From:** | Frank Lombardi |
| **Sent:** | Monday, July 20, 2020 12:14 PM |
| **To:** | Donna Giglio |
| **Subject:** | FW: Activity in Case 1:19-cv-00819-LGS Harbor House Owners Corp. v. Admiral Indemnity Company Memo Endorsement |
| **Attachments:** | 7.17.20 - Memo Endorsed SubponeaTo Produce Docs - Franchise Interior Developers.pdf |

Please call me to discuss. I'm on call with attorney.

**From:** William H. Parash <wparash@wegandmyers.com>
**Sent:** Monday, July 20, 2020 12:13 PM
**To:** Frank Lombardi <Frank@franchisecontractors.com>
**Cc:** Adam S. Cohen <ACohen@WegAndMyers.com>; Jordan E. Krasner <JKrasner@WegAndMyers.com>
**Subject:** FW: Activity in Case 1:19-cv-00819-LGS Harbor House Owners Corp. v. Admiral Indemnity Company Memo Endorsement

See court ordered subpoena.

William H. Parash, Esq. | WEG AND MYERS, P.C.
52 Duane Street - 2nd Floor | New York, NY 10007
Telephone: 212-227-4210 | Fax: 212-349-6702
Email: wparash@wegandmyers.com | www.wegandmyers.com

**From:** Adam S. Cohen
**Sent:** Monday, July 20, 2020 10:57 AM
**To:** William H. Parash <wparash@wegandmyers.com>
**Subject:** FW: Activity in Case 1:19-cv-00819-LGS Harbor House Owners Corp. v. Admiral Indemnity Company Memo Endorsement

Very truly yours,

Adam S. Cohen, Esq.
**WEG & MYERS, P.C.**
52 Duane Street – 2nd Floor
New York, NY 10007
Telephone: 212-227-4210 / Fax: 212-349-6702
Email: acohen@wegandmyers.com

This e-mail communication and any attachments are intended only for the addressees and are privileged, confidential and exempt from disclosure under applicable law. This information may constitute an attorney-client communication and may contain information that is privileged and confidential and/or attorney work product. Consequently, inadvertent disclosure shall not waive the attorney-client privilege as to this communication, or otherwise. If you are not the intended recipient, disclosure of the contents of this communication to others is strictly prohibited. If you have received this e-mail message in error, please do not read, copy or forward this message and/or any attachment. Please notify me if you received this email in error by replying to it and, after doing so, delete all copies of the e-mail and any attachments. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure our compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this document cannot be used for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter that is contained in this document. Despite the Confidentiality Note

1

above, there is no limitation on disclosure by the intended recipient of the tax treatment or tax structure of the transaction that is the subject of the written advice.

**From:** Joel M. Mullins
**Sent:** Friday, July 17, 2020 5:19 PM
**To:** Joshua L. Mallin <jmallin@wegandmyers.com>; Adam S. Cohen <ACohen@WegAndMyers.com>
**Subject:** FW: Activity in Case 1:19-cv-00819-LGS Harbor House Owners Corp. v. Admiral Indemnity Company Memo Endorsement

**The attached document has been saved to:**

**N:\17-1\17-102 Harbor House\Discovery\Defendant Demands**

**Joel Mullins**

**WEG & MYERS, P.C.**
52 Duane Street – 2nd Floor
New York, NY 10007
Telephone: 212-227-4210  /  Fax: 212-349-6702
Email: jmullins@wegandmyers.com



**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Friday, July 17, 2020 3:45 PM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:19-cv-00819-LGS Harbor House Owners Corp. v. Admiral Indemnity Company Memo Endorsement

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 7/17/2020 at 3:44 PM EDT and filed on 7/17/2020
**Case Name:**     Harbor House Owners Corp. v. Admiral Indemnity Company
**Case Number:**   1:19-cv-00819-LGS
**Filer:**

**Document Number:** 90

**MEMO ENDORSEMENT on SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION on re: [89] Letter, filed by Admiral Indemnity Company. ENDORSEMENT: SO ORDERED. (Signed by Judge Lorna G. Schofield on 7/17/2020) (ks)**

**1:19-cv-00819-LGS Notice has been electronically mailed to:**

Gilbert M. Coogler     gcoogler@fleischnerpotash.com, jbryant@fleischnerpotash.com

William Harry Parash     wparash@wegandmyers.com, KCarrington@WegAndMyers.com, LPorter@WegAndMyers.com, crexach@wegandmyers.com, jmallin@wegandmyers.com

Adam A. Alster     adam.alster@finazzolaw.com, janalina.santomero@finazzolaw.com, jessica.cano@finazzolaw.com

Eric Ronald Leibowitz     eleibowitz@fleischnerpotash.com

Adam Steven Cohen     acohen@wegandmyers.com, crexach@wegandmyers.com, jmullins@wegandmyers.com, kcarrington@wegandmyers.com, lporter@wegandmyers.com

**1:19-cv-00819-LGS Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/17/2020] [FileNumber=24300046-0] [4ec9de331ce13b56a592b1de0543b15c40c7d4a43e33bf721ec87f814d0769a534 e0f91baf9e57ca724c2b547ae585bf85ff64cde66f661910952e47ab1490b0]]